# In the United States Court of Federal Claims

No. 24-1722

(Filed: 15 April 2025)

```
*****************************************
JAMES B. HOFFMAN,                      *
                                       *
                    Plaintiff,         *
                                       *
v.                                     *
                                       *
THE UNITED STATES,                     *
                                       *
                    Defendant.         *
                                       *
*****************************************
```

## ORDER

      Plaintiff originally filed this case in the District of Connecticut on 9 February 2023, alleging copyright infringement of two registered copyrights by the United States Postal Service ("USPS"). *See* Compl., ECF No. 1. The case was transferred to the undersigned on 23 October 2024. *See* Notice of Random Assignment, ECF No. 23. Following the filing of plaintiff's Transfer Complaint on 5 November 2024, *see* Transfer Compl., ECF No. 26, the government filed a motion to dismiss, or in the alternative, motion for a more definite statement, *see* Gov't's MTD, ECF No. 27. The Court subsequently held a telephonic status conference to discuss the government's Motion to Dismiss and plaintiff's need to amend the Complaint. *See* 26 March 2025 Order, ECF No. 33.

      During the status conference, plaintiff began by making a "suggestion," which was presented as a way to "cut through a lot" of the issues the Court planned to discuss. After reviewing the briefing and re-visiting the Complaint, plaintiff "certainly agrees there is no viable claim for plaintiff for any of the possible infringement beyond February 9, 2020, which would be three years prior to initially filing the Complaint." As such, plaintiff has "no interest in pursuing the claim" if what USPS has been using since 9 February 2020 "does not resemble the copyrighted material." Plaintiff, therefore, suggested if the government "were simply able to provide what has been used by the Postal Service during the last three years prior to the Complaint" and demonstrate it is not using plaintiff's copyrights, then plaintiff would be willing to withdraw the Complaint and voluntarily dismiss the case.

      When asked whether the government investigated USPS's possession of allegedly infringing materials, the government indicated "that while investigation in this case has not started, the USPS has been dealing with this since 2023, and it is the government's understanding there has been some investigation"—which yielded "no copies of these documents." Plaintiff confirmed an investigation, handled by the private law firm of Morgan Lewis, occurred after USPS received plaintiff's demand letter. Plaintiff, however, noted the firm

did not say "the investigation yielded nothing" or "that there were no copies found;" rather, it only told plaintiff "there was no basis for the claims being made." Likewise, USPS confirmed when it received the demand letter it had "private counsel, that is on retainer for the Postal Service, respond" because it was not a complaint. USPS clarified the private law firm's investigation was not "a specific investigation of the district court complaint," but was "a small amount of investigation done based on the limited amount of information" USPS had and noted the investigation "did not find anything that appeared to be infringing on the copyrights."

Given this case was originally filed over two years ago and USPS already engaged a private law firm to investigate whether USPS possessed infringing materials—results of which were not shared with plaintiff—the Court hopes to preserve resources by allowing the government an opportunity to share the outcome of the investigation with plaintiff in an attempt to resolve the dispute. As such, to the extent the government was able to better understand plaintiff's claims of alleged infringement based on the discussion during the status conference, the Court encourages USPS to conduct a brief and limited investigation of its electronic materials to determine if there are any copies of plaintiff's registered copyrights per the status conference discussion. Per agreement from the parties during the status conference, the Court **STAYS** the government's Motion to Dismiss, or in the Alternative, Motion for a More Definite Statement, ECF No. 27. The parties **SHALL FILE** a joint status report **on or before 2 May 2025** updating the Court whether the information regarding the government's prior investigation is sufficient to dispose of this case. If no agreement can be reached, plaintiff **SHALL FILE** an Amended Complaint **on or before 16 May 2025**.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge
